# EXHIBIT A

STATE OF MISSOURI )

)ss

CITY OF ST. LOUIS )

     I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
PETITION, SUMMONS, ANSWERS AND AFFIRMATIVE DEFENSES, COURT ORDER AND AMENDED PETITION

St. Louis City case number 2622-CC00395

     WITNESS my hand and SEAL of said Court this 29TH   day of JULY , 2026.

_____

Thomas Kloeppinger
Circuit Clerk

By:_____

Deputy Clerk



**COURT SEAL OF**

**CITY OF ST LOUIS**

**2622-CC00395**

Electronically Filed - City of St. Louis - February 25, 2026 - 01:59 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

|  |  |  |
|---|---|---|
| **TIANASHA MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | Division No.: |
| **MALIK ST. LOUIS, LLC d/b/a** | ) | |
| **ST. LOUIS ALTENHEIM,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| <u>Serve Registered Agent</u> | ) | |
| Malik Shafiq | ) | |
| 6012 Dalhousie | ) | |
| Cape Girardeau, MO 63701 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for her Petition, states the following:

### STATEMENT OF THE CASE

1.      Plaintiff, TIANASHA MOORE ("Plaintiff"), was an employee of Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM ("STLA" or "Defendant"), who was subjected to discrimination based upon disability/perceived disability and retaliation for requesting an accommodation for a disability or perceived disability.

2.      This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Human Rights Act.

1

Electronically Filed - City of St. Louis - February 25, 2026 - 01:59 PM

## PARTIES

3.     Plaintiff is and was at all times relevant herein a female individual residing in the City of St. Louis, State of Missouri.

4.     Defendant, STLA, is and was at all times relevant herein a senior living facility in the City of St. Louis, State of Missouri.

## JURISDICTION AND VENUE

5.     Defendant, STLA, conducts continuous and systematic business in the City of St. Louis, State of Missouri.

6.     Plaintiff's cause of action arises out of conduct that took place in the City of St. Louis, State of Missouri.

7.     This Honorable Court has jurisdiction pursuant to the Missouri Human Rights Act.

## FACTUAL ALLEGATIONS

8.     On or about May 4, 2023, Plaintiff was hired by STLA as a Certified Nursing Assistant.

9.     In late August 2023, Plaintiff notified STLA's director of nursing that she would need surgery and her expected recovery was approximately 6 weeks.

10.    Plaintiff had surgery on or about August 29, 2024.

11.    Plaintiff was not released from the hospital until September 10, 2024.

12.    Plaintiff was fired during her recovery on or about September 23, 2024.

13.    STLA claimed that Plaintiff abandoned her job.

14.    Plaintiff denies that she abandoned her job.

2

Electronically Filed - City of St. Louis - February 25, 2026 - 01:59 PM

## COUNT I

### (Missouri Human Rights Act - Disability Discrimination)

15. Plaintiff restates and realleges paragraphs 1-14 of this Petition as if fully stated herein.

16. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

17. Plaintiff had or Defendant perceived Plaintiff to have a physical disability that substantially limited one or more of his major life activities.

18. Plaintiff requested the reasonable accommodation of medical treatment for her disability or perceived disability.

19. Defendant punished Plaintiff for seeking medical treatment.

20. Defendant failed to engage in an interactive process to determine if Plaintiff could be accommodated through her recovery.

21. Plaintiff's disability or perceived disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

22. Alternatively, Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

23. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

24. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability or

Electronically Filed - City of St. Louis - February 25, 2026 - 01:59 PM

31.    Alternatively, Plaintiff's request for an accommodation was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

32.    Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

33.    Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees and retaliated against Plaintiff because she requested an accommodation of medical treatment and recovery time.

34.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

**CONSTITUTIONAL CHALLENGE TO SB43**

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, TIANASHA MOORE, states as follows for notice purposes only:

35.    On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

5

Electronically Filed - City of St. Louis - February 25, 2026 - 01:39 PM

36.    Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

37.    Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

38.    Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

39.    SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

40.    The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

Should Plaintiff file a declaratory action or direct appeal in this matter, Plaintiff will requests that the Missouri Supreme Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that this Court deems just.

Electronically Filed - City of St. Louis - February 25, 2026 - 01:39 PM

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

*/s/ Joshua G. Miller*
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
1423 S. Big Bend Blvd.
Saint Louis, Mo 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - CITY OF ST. LOUIS - March 16, 2026 - 03:59 PM



## Summons in Civil Case

MAR 0 6 2026    1117

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number: 2622-CC00395 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TIANASHA MOORE | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>222 SCENTRAL<br># 1004 | |
| vs. | CLAYTON, MO 63105 | |
| Defendant/Respondent:<br>MALIK ST LOUIS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

The State of Missouri to:  **MALIK ST LOUIS LLC**
**Alias: DBA ST LOUIS ALTENHEIM**
**MALIK SHAFIQ, RAGT**
**6012 DALHOUSE**
**CAPE GIRARDEAU, MO 63701**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

2/26/2026
Date

_Thomas J Loyprin_
Clerk

**CITY OF ST LOUIS**

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-1838**
1 of 2 (2622-CC00395)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - CITY OF ST. LOUIS - March 16, 2026 - 03:59 PM

Case Number: 2622-CC00395

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

_Mary Klein_ (name) _Receptionist_ (title).

☐ other: _____.

Served at __2215 Broadway St__ (address) in __Cape Girardeau__ (County/City of St. Louis), MO, on __3/10/26__ (date) at __11:09 am__ (time).

__581 Leimbach__    __581 Leimbach__
Printed Name of Officer or Server    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ _____
 Date    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| TIANASHA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 2622-CC00395 |
| | ) |
| MALIK ST. LOUIS, LLC d/b/a | ) |
| ST. LOUIS ALTENHEIM, | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Malik St. Louis, LLC d/b/a St. Louis Altenheim ("Defendant"), by and through its attorneys, McCarthy, Leonard & Kaemmerer L.C., as and for its Answer and Affirmative Defenses to the Petition of Plaintiff Tianasha Moore ("Plaintiff") respectfully states upon information and belief as follows:

**ANSWER**

**STATEMENT OF THE CASE**

1.      Plaintiff, TIANASHA MOORE ("Plaintiff"), was an employee of Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM ("STLA" or "Defendant"), who was subjected to discrimination based upon disability/perceived disability and retaliation for requesting an accommodation for a disability or perceived disability.

**ANSWER: The allegations asserted in Paragraph 1 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant admits that Plaintiff was an employee of Defendant. Defendant denies all other allegations contained in the Paragraph and demands strict proof thereof.**

1

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

2.    This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Human Rights Act.

**ANSWER: The allegations asserted in Paragraph 2 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

## PARTIES

3.    Plaintiff is and was at all times relevant herein a female individual residing in the City of St. Louis, State of Missouri.

**ANSWER: Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.**

4.    Defendant, STLA, is and was at all times relevant herein a senior living facility in the City of St. Louis, State of Missouri.

**ANSWER: Defendant admits the allegations contained in Paragraph 4.**

## JURISDICTION AND VENUE

5.    Defendant, STLA, conducts continuous and systematic business in the City of St. Louis, State of Missouri.

**ANSWER: The allegations asserted in Paragraph 5 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant admits that it conducts business in St. Louis, Missouri.**

6.    Plaintiff's cause of action arises out of conduct that took place in the City of St. Louis, State of Missouri.

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

**ANSWER: The allegations asserted in Paragraph 6 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

7.    This Honorable Court has jurisdiction pursuant to the Missouri Human Rights Act.

**ANSWER: The allegations asserted in Paragraph 7 consist of legal conclusions to which no response is required.**

## ALLEGATIONS

8.    On or about May 4, 2023, Plaintiff was hired by STLA as a Certified Nursing Assistant.

**ANSWER: Defendant admits it hired Plaintiff as a Certified Nursing Assistant on May 4, 2023.**

9.    In late August 2023, Plaintiff notified STLA's director of nursing that she would need surgery, and her expected recovery was approximately 6 weeks.

**ANSWER: Defendant denies the allegations contained in Paragraph 9 and demands strict proof thereof.**

10.    Plaintiff had surgery on or about August 29, 2024.

**ANSWER: Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.**

11.    Plaintiff was not released from the hospital until September 10, 2024.

**ANSWER: Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.**

12.    Plaintiff was fired during her recovery on or about September 23, 2024.

3

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

**ANSWER: Defendant denies that Plaintiff was fired, but rather Plaintiff abandoned her job. Answering further, Defendant is without knowledge or information to form a belief as to the truth of the allegation that Plaintiff was in recovery on or about September 23, 2024 and therefore denies the same**

13.     STLA claimed that Plaintiff abandoned her job.

**ANSWER: Defendant admits the allegations contained in Paragraph 13.**

14.     Plaintiff denies that she abandoned her job.

**ANSWER: Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same.**

### COUNT I (Missouri Human Rights Act - Disability Discrimination)

15.     Plaintiff restates and realleges paragraphs 1-14 of this Petition as if fully stated herein.

**ANSWER: Defendant restates and incorporates by reference its answers to all preceding Paragraphs as if fully set forth herein.**

16.     At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

**ANSWER: The allegations asserted in Paragraph 16 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph.**

17.     Plaintiff had or Defendant perceived Plaintiff to have a physical disability that substantially limited one or more of his major life activities.

**ANSWER: The allegations asserted in Paragraph 17 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of**

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.

18.    Plaintiff requested the reasonable accommodation of medical treatment for her disability or perceived disability.

**ANSWER: The allegations asserted in Paragraph 18 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

19.    Defendant punished Plaintiff for seeking medical treatment.

**ANSWER: Defendant denies the allegations contained in Paragraph 19 and demands strict proof thereof.**

20.    Defendant failed to engage in an interactive process to determine if Plaintiff could be accommodated through her recovery.

**ANSWER: The allegations asserted in Paragraph 20 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

21.    Plaintiff's disability or perceived disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

**ANSWER: The allegations asserted in Paragraph 21 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of**

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.

22.     Alternatively, Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

**ANSWER: The allegations asserted in Paragraph 22 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

23.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: The allegations asserted in Paragraph 23 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

24.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability or perceived disability.

**ANSWER: The allegations asserted in Paragraph 24 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

25.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

**ANSWER: The allegations asserted in Paragraph 25 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

**COUNT II (Missouri Human Rights Act - Retaliation)**

26.     Plaintiff restates and realleges paragraphs 1-14 of this Complaint as if fully stated herein.

**ANSWER: Defendant restates and incorporates by reference its answers to all preceding Paragraphs as if fully set forth herein.**

27.     At all relevant times, Plaintiff was an employee within the meaning of the Missouri Human Rights Act.

**ANSWER: The allegations asserted in Paragraph 27 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph.**

28.     At all relevant times, Defendant was an employer and/or was an agent covered by and within the meaning of the Missouri Human Rights Act.

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

**ANSWER: The allegations asserted in Paragraph 28 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph.**

29.     Plaintiff requested a reasonable accommodation to recover from her surgery.

**ANSWER: The allegations asserted in Paragraph 29 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

30.     Plaintiff's request for a reasonable accommodation was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

**ANSWER: The allegations asserted in Paragraph 30 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

31.     Alternatively, Plaintiff's request for an accommodation was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

**ANSWER: The allegations asserted in Paragraph 31 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

32.    Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER: The allegations asserted in Paragraph 32 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

33.    Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees and retaliated against Plaintiff because she requested an accommodation of medical treatment and recovery time.

**ANSWER: The allegations asserted in Paragraph 33 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

34.    .As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

**ANSWER: The allegations asserted in Paragraph 34 consist of legal conclusions to which no response is required. To the extent the allegations are deemed to be allegations of fact, Defendant denies the allegations contained in the Paragraph and demands strict proof thereof.**

**CONSTITUTIONAL CHALLENGE TO SB43**

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

35.     On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

36.     Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

37.     Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

38.     Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

39.    SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

40.    The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

**ANSWER: This Paragraph does not contain any allegations directed at Defendant, therefore no response is required.**

<u>AFFIRMATIVE DEFENSES</u>

By setting forth the following affirmative defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff.

1.    For further answer and for its First Affirmative Defense, Defendant states that Plaintiff fails to state a claim for which relief can be granted.

2.    For further answer and for its Second Affirmative Defense, Defendant states that. to the extent that Plaintiff suffered damages, which Defendant expressly denies, Plaintiff failed to mitigate her damages.

3.    For further answer and for its Third Affirmative Defense, Defendant states that Plaintiff's claims fails as she was not fired by Defendant, and there was no retaliatory motive behind termination of Plaintiff's employment. Instead, Plaintiff abandoned her job by failing to show up for several weeks of scheduled work. In accordance with Defendant's employee

11

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

handbook, which Plaintiff expressly acknowledged receipt and review of, such abandonment was deemed to be a voluntary resignation by Plaintiff.

4.    For further answer and for its Fourth Affirmative Defense, Defendant states that. Plaintiff's "requested accommodation" as Defendant understood it was unreasonable in that it impose undue financial and administrative burdens on Defendant or would otherwise require fundamental alterations in the nature of the program.

5.    For further answer and for its Fifth Affirmative Defense, Defendant states that Plaintiff's retaliation claim fails as her termination was not causally related to a disability, as required for employee's prima facie case of retaliatory discharge under Missouri law.

6.    For further answer and for its Sixth Affirmative Defense, Defendant states that Defendant states that Plaintiff's claims fail because Defendant's employment actions were based on legitimate business considerations rather than discriminatory motives.

7.    For further answer and for its Seventh Affirmative Defense, Defendant states that Plaintiff cannot establish a MHRA claim because she cannot establish that she ever engaged in a statutorily protected activity.

8.    Defendant reserves the right to assert and plead additional affirmative defenses if and when facts supporting said affirmative defenses become known and available to it during the course of litigation.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant moves this Court for an Order dismissing the Petition with prejudice, and for its attorneys' fees, costs incurred and expended herein, and for such further relief as the Court may deem just and proper.

Respectfully submitted,

McCARTHY, LEONARD & KAEMMERER, L.C.

BY:    /s/ *Alexander J. Lindley*

12

Alexander J. Lindley, 71053
alindley@mlklaw.com
825 Maryville Centre Drive, Suite 300
Town and Country, MO  63017
Phone: (314) 392-5200
Fax:    (314) 392-5221

*Counsel for Defendant*

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

Electronically Filed - CITY OF ST. LOUIS - April 09, 2026 - 12:02 PM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the court's efiling system on all attorney(s) of record on this 9th day of April, 2026.

/s/ *Alexander J. Lindley*

14

FILED

JUL 01 2026

# MISSOURI CIRCUIT COURT
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

# TWENTY-SECOND JUDICIAL CIRCUIT
DEPUTY

(City of St. Louis)

Tianasha Moore

**VS**

Malik St. Louis, LLC

CASE NO. 2622-CC00395  DIVISION 17          7-1-26

## ORDER/JUDGEMENT/MEMORANDUM

This matter coming before the court on Plaintiff's Motion For leave to file Amended Petition. The Court being fully informed and it being agreed to by the parties, it is hereby ordered:

1. Plaintiff's motion is granted;

2. Defendant is granted 45 days to answer or otherwise plead.

                    Josh Miller #67496
                    The Furniss Law Firm
                    1423 S. Big Bend Blvd
                    St. Louis MO 63117

        So Ordered:
        _____
        7. 9. by 5(2-3)
        & 7-1-26

Form 14 (Rev 2/06)

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

**IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| TIANASHA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.:    2622-CC00395** |
| v. | ) | |
| | ) | |
| MALIK ST. LOUIS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

### FIRST AMENDED PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for her First Amended Petition, states the following:

### STATEMENT OF THE CASE

1.    Plaintiff, TIANASHA MOORE ("Plaintiff"), was an employee of Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM ("STLA" or "Defendant"), who was subjected to discrimination based upon disability/perceived disability and retaliation for requesting an accommodation for a disability or perceived disability.

2.    This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Human Rights Act and the Family Medical Leave Act ("FMLA").

### PARTIES

3.    Plaintiff is and was at all times relevant herein a female individual residing in the City of St. Louis, State of Missouri.

4.    Defendant, STLA, is and was at all times relevant herein a senior living facility in the City of St. Louis, State of Missouri.

### JURISDICTION AND VENUE

1

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

5.     Defendant, STLA, conducts continuous and systematic business in the City of St. Louis, State of Missouri.

6.     Plaintiff's cause of action arises out of conduct that took place in the City of St. Louis, State of Missouri.

7.     This Honorable Court has jurisdiction pursuant to the Missouri Human Rights Act.

## FACTUAL ALLEGATIONS

8.     On or about May 4, 2023, Plaintiff was hired by STLA as a Certified Nursing Assistant.

9.     In late August 2023, Plaintiff notified STLA's director of nursing that she would need surgery and her expected recovery was approximately 6 weeks.

10.    Plaintiff's surgery was delayed.

11.    On or about July 12, 2024, Plaintiff again notified STLA that she was going to have surgery and would need to be out on August 28, 2024.

12.    Plaintiff did not know the exact return date, but expected the recovery to also last approximately 6 weeks.

13.    Plaintiff had surgery on or about August 29, 2024.

14.    Plaintiff was not released from the hospital until September 10, 2024.

15.    Plaintiff was fired during her recovery on or about September 23, 2024.

16.    STLA claimed that Plaintiff abandoned her job.

17.    Plaintiff denies that she abandoned her job.

## COUNT I

### (Missouri Human Rights Act - Disability Discrimination)

18.    Plaintiff restates and realleges paragraphs 1-17 of this Petition as if fully stated

2

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

herein.

19.   At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

20.   Plaintiff had or Defendant perceived Plaintiff to have a physical disability that substantially limited one or more of his major life activities.

21.   Plaintiff requested the reasonable accommodation of medical treatment for her disability or perceived disability.

22.   Defendant punished Plaintiff for seeking medical treatment.

23.   Defendant failed to engage in an interactive process to determine if Plaintiff could be accommodated through her recovery.

24.   Plaintiff's disability or perceived disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

25.   Alternatively, Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

26.   Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

27.   Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability or perceived disability.

28.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss;

3

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT II

### (Missouri Human Rights Act –Retaliation)

29.     Plaintiff restates and realleges paragraphs 1-17 of this Complaint as if fully stated herein.

30.     At all relevant times, Plaintiff was an employee within the meaning of the Missouri Human Rights Act.

31.     At all relevant times, Defendant was an employer and/or was an agent covered by and within the meaning of the Missouri Human Rights Act.

32.     Plaintiff requested a reasonable accommodation to recover from her surgery.

33.     Plaintiff's request for a reasonable accommodation was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

34.     Alternatively, Plaintiff's request for an accommodation was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

4

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

35.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

36.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees and retaliated against Plaintiff because she requested an accommodation of medical treatment and recovery time.

37.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT III

### (Family Medical Leave Act – Discrimination/Retaliation)

38.     Plaintiff restates and realleges paragraphs 1-17 of this Complaint.

39.     The FMLA prohibits discrimination and/or retaliation for exercising rights under the FMLA.

40.     Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

41.     Plaintiff was otherwise eligible for FMLA leave.

5

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

42.      Defendant discriminated and/or retaliated against Plaintiff when it terminated Plaintiff for seeking leave she was entitled to pursuant to the Family and Medical Leave Act.

43.      Defendant's termination of Plaintiff was directly related to, or was caused by, Plaintiff's exercise of her rights under the FMLA.

44.      That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against the Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## COUNT IV

### (Family Medical Leave Act – Interference)

45.      Plaintiff restates and realleges paragraphs 1-17 of this Complaint.

46.      The FMLA prohibits Defendant from interfering with, restraining, denying the exercise of or the attempt to exercise of any right provided under the FMLA.

47.      Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

48.      Plaintiff was otherwise eligible for FMLA leave.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

49.     Among others, 29 C.F.R. § 825.220 (c) prohibits interference by "an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights...By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."

50.     Defendant interfered with Plaintiff's FMLA rights in violation of, among others, 29 C.F.R. § 825.220 (c) when it "use(d) the request for FMLA leave as a negative factor in" the employment actions of terminating Plaintiff.

51.     That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including employment or reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## CONSTITUTIONAL CHALLENGE TO SB43

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, TIANASHA MOORE, states as follows for notice purposes only:

52.     On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

53.    Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

54.    Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

55.    Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

56.    SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

57.    The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

Should Plaintiff file a declaratory action or direct appeal in this matter, Plaintiff will requests that the Missouri Supreme Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that the Court deems just.

8

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

*/s/ Joshua G. Miller*
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
1423 S. Big Bend Blvd.
Saint Louis, Mo 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

ATTORNEYS FOR PLAINTIFF

The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:2622-CC00395 - TIANASHA MOORE V. MALIK ST. LOUIS, LLC (E-CASE) - Docket Entries

| Respond to Selected Documents |          Sort by date: Descending Ascending          Display options: All Entries ⌄

**07/13/2026**

**Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**07/03/2026**

**Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**07/01/2026**

**Hearing Held**

**Associated Entries: 06/26/2026 - Motion Hearing Scheduled**
**Scheduled For:** 07/01/2026; 9:30 AM; THOMAS A MCCARTHY; Carnahan Courthouse
**Hearing/Trial Cancelled**

**Associated Entries: 06/26/2026 - Motion Hearing Scheduled**
**Scheduled For:** 07/02/2026; 9:30 AM; THOMAS A MCCARTHY; Carnahan Courthouse
**Order**
THIS MATTER COMING BEFORE THE COURT ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PETITION. THE COURT BEING FULLY INFORMED AND IT BEING AGREED TO BY THE PARTIES, IT IS HEREBY ORDERED: 1) PLAINTIFF'S MOTION IS GRANTED, 2) DEFENDANT IS GRANTED 45 DAYS TO ANSWER OR OTHERWISE PLEAD. SO ORDERED JUDGE THOMAS MCCARTHY #56703
**Amended Motion/Petition Filed**
First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**06/26/2026**

**Motion Hearing Scheduled**

**Associated Entries: 07/01/2026 - Hearing/Trial Cancelled**
**Scheduled For:** 07/02/2026; 9:30 AM; THOMAS A MCCARTHY; Carnahan Courthouse
**Motion Hearing Scheduled**

**Associated Entries: 07/01/2026 - Hearing Held**
**Scheduled For:** 07/01/2026; 9:30 AM; THOMAS A MCCARTHY; Carnahan Courthouse

**06/19/2026**

**Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**06/18/2026**

**Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**06/17/2026**

**Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE
**Motion to File Amended Pet**
Motion for Leave to File Amended Petition; Exhibit A; Electronic Filing Certificate of Service.
**Filed By:** JOSHUA GRAHAM MILLER
**On Behalf Of:** TIANASHA MOORE

**Cert Serv of Interrog Filed**

Certificate of Service; Electronic Filing Certificate of Service.

**Filed By:** BRIAN EDWARD MCGOVERN

**On Behalf Of:** TIANASHA MOORE

**Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.

**Filed By:** JOSHUA GRAHAM MILLER

**On Behalf Of:** TIANASHA MOORE

**05/12/2026**

**Cert Serv Req Prod Docs Things**

Certificate of Service; Electronic Filing Certificate of Service.

**Filed By:** BRIAN EDWARD MCGOVERN

**On Behalf Of:** MALIK ST LOUIS LLC

**04/24/2026**

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** BRIAN EDWARD MCGOVERN

**On Behalf Of:** MALIK ST LOUIS LLC

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** ALEXANDER JAMES LINDLEY

**On Behalf Of:** MALIK ST LOUIS LLC

**04/09/2026**

**Answer Filed**

Answer and Affirmative Defenses; Electronic Filing Certificate of Service.

**Filed By:** ALEXANDER JAMES LINDLEY

**On Behalf Of:** MALIK ST LOUIS LLC

**03/25/2026**

**Jury Trial Scheduled**

**Scheduled For:** 01/19/2027; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**03/16/2026**

**Notice of Service**

Summons Served; Electronic Filing Certificate of Service.

**Filed By:** RYAN MATTHEW FURNISS

**On Behalf Of:** TIANASHA MOORE

**Corporation Served**

Document ID - 26-SMCC-1838; Served To - MALIK ST LOUIS LLC ; Served Date - 03/10/2026; Served Time - 09:37:43; Service Type - OT; Reason Description - SERV; Service Text -

**02/26/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-1838, for MALIK ST LOUIS LLC

**02/25/2026**

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** RYAN MATTHEW FURNISS

**On Behalf Of:** TIANASHA MOORE

**Filing Info Sheet eFiling**

**Filed By:** JOSHUA GRAHAM MILLER

**Summ Req-Circuit Pers Serv**

Request for Summons.

**Filed By:** JOSHUA GRAHAM MILLER

**On Behalf Of:** TIANASHA MOORE

**Pet Filed in Circuit Ct**

Petition.

**Filed By:** JOSHUA GRAHAM MILLER

**On Behalf Of:** TIANASHA MOORE