Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

**IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| TIANASHA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: **2622-CC00395** |
| v. | ) |
| | ) |
| MALIK ST. LOUIS, LLC, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for her First Amended Petition, states the following:

### STATEMENT OF THE CASE

1.      Plaintiff, TIANASHA MOORE ("Plaintiff"), was an employee of Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM ("STLA" or "Defendant"), who was subjected to discrimination based upon disability/perceived disability and retaliation for requesting an accommodation for a disability or perceived disability.

2.      This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Human Rights Act and the Family Medical Leave Act ("FMLA").

### PARTIES

3.      Plaintiff is and was at all times relevant herein a female individual residing in the City of St. Louis, State of Missouri.

4.      Defendant, STLA, is and was at all times relevant herein a senior living facility in the City of St. Louis, State of Missouri.

### JURISDICTION AND VENUE

1

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

5.    Defendant, STLA, conducts continuous and systematic business in the City of St. Louis, State of Missouri.

6.    Plaintiff's cause of action arises out of conduct that took place in the City of St. Louis, State of Missouri.

7.    This Honorable Court has jurisdiction pursuant to the Missouri Human Rights Act.

## FACTUAL ALLEGATIONS

8.    On or about May 4, 2023, Plaintiff was hired by STLA as a Certified Nursing Assistant.

9.    In late August 2023, Plaintiff notified STLA's director of nursing that she would need surgery and her expected recovery was approximately 6 weeks.

10.    Plaintiff's surgery was delayed.

11.    On or about July 12, 2024, Plaintiff again notified STLA that she was going to have surgery and would need to be out on August 28, 2024.

12.    Plaintiff did not know the exact return date, but expected the recovery to also last approximately 6 weeks.

13.    Plaintiff had surgery on or about August 29, 2024.

14.    Plaintiff was not released from the hospital until September 10, 2024.

15.    Plaintiff was fired during her recovery on or about September 23, 2024.

16.    STLA claimed that Plaintiff abandoned her job.

17.    Plaintiff denies that she abandoned her job.

## COUNT I

### (Missouri Human Rights Act - Disability Discrimination)

18.    Plaintiff restates and realleges paragraphs 1-17 of this Petition as if fully stated

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

herein.

19.     At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

20.     Plaintiff had or Defendant perceived Plaintiff to have a physical disability that substantially limited one or more of his major life activities.

21.     Plaintiff requested the reasonable accommodation of medical treatment for her disability or perceived disability.

22.     Defendant punished Plaintiff for seeking medical treatment.

23.     Defendant failed to engage in an interactive process to determine if Plaintiff could be accommodated through her recovery.

24.     Plaintiff's disability or perceived disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

25.     Alternatively, Plaintiff's disability or perceived disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

26.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

27.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability or perceived disability.

28.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss;

3

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT II

### (Missouri Human Rights Act –Retaliation)

29.     Plaintiff restates and realleges paragraphs 1-17 of this Complaint as if fully stated herein.

30.     At all relevant times, Plaintiff was an employee within the meaning of the Missouri Human Rights Act.

31.     At all relevant times, Defendant was an employer and/or was an agent covered by and within the meaning of the Missouri Human Rights Act.

32.     Plaintiff requested a reasonable accommodation to recover from her surgery.

33.     Plaintiff's request for a reasonable accommodation was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

34.     Alternatively, Plaintiff's request for an accommodation was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

35.    Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

36.    Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees and retaliated against Plaintiff because she requested an accommodation of medical treatment and recovery time.

37.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT III

### (Family Medical Leave Act – Discrimination/Retaliation)

38.    Plaintiff restates and realleges paragraphs 1-17 of this Complaint.

39.    The FMLA prohibits discrimination and/or retaliation for exercising rights under the FMLA.

40.    Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

41.    Plaintiff was otherwise eligible for FMLA leave.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

42.     Defendant discriminated and/or retaliated against Plaintiff when it terminated Plaintiff for seeking leave she was entitled to pursuant to the Family and Medical Leave Act.

43.     Defendant's termination of Plaintiff was directly related to, or was caused by, Plaintiff's exercise of her rights under the FMLA.

44.     That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against the Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## COUNT IV

### (Family Medical Leave Act – Interference)

45.     Plaintiff restates and realleges paragraphs 1-17 of this Complaint.

46.     The FMLA prohibits Defendant from interfering with, restraining, denying the exercise of or the attempt to exercise of any right provided under the FMLA.

47.     Defendant is an employer with 50 or more employees within 75 miles of Plaintiff's job location.

48.     Plaintiff was otherwise eligible for FMLA leave.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

49.    Among others, 29 C.F.R. § 825.220 (c) prohibits interference by "an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights...By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."

50.    Defendant interfered with Plaintiff's FMLA rights in violation of, among others, 29 C.F.R. § 825.220 (c) when it "use(d) the request for FMLA leave as a negative factor in" the employment actions of terminating Plaintiff.

51.    That as a result of the wrongful actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against Defendant, MALIK ST. LOUIS, LLC d/b/a ST LOUIS ALTENHEIM, for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including employment or reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## CONSTITUTIONAL CHALLENGE TO SB43

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, TIANASHA MOORE, states as follows for notice purposes only:

52.    On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

53. Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

54. Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

55. Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

56. SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

57. The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

Should Plaintiff file a declaratory action or direct appeal in this matter, Plaintiff will requests that the Missouri Supreme Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that the Court deems just.

8

Electronically Filed - CITY OF ST. LOUIS - July 01, 2026 - 11:23 AM

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Joshua G. Miller
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
1423 S. Big Bend Blvd.
Saint Louis, Mo 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

ATTORNEYS FOR PLAINTIFF

9